UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SALAS JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-03733-DGE<br><br>ORDER GRANTING IFP APPLICATION (DKT. NO. 1) AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

Before the Court is Petitioner's application to proceed *in forma pauperis* ("IFP") in this habeas action. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks removed)). "This generally includes

incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. U.S. Citizenship & Immigr. Servs*., No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court may "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Petitioner is currently detained at the Northwest Immigration and Customs Enforcement Processing Center (*see* Dkt. No. 1 at 2; 1-1 at 1). He has submitted a declaration indicating that as of September 25, 2026, he has only $223.75 cash on hand and has not been employed since his detention in February of 2026. (Dkt. No. 1 at 1, 3.) Accordingly, Petitioner's application to proceed *in forma pauperis* (Dkt. No. 1) is GRANTED.

Petitioner has also filed an Emergency Temporary Restraining Order ("TRO") (Dkt No. 2). He seeks an order (1) preventing Respondent from transferring him to another facility (2) directing Respondent to maintain the status quo pending further order of this Court (3) set an expedited briefing schedule, and (4) grant such other relief as this Court deems just and proper. (*Id.* at 4.) However, Petitioner fails to sufficiently show that his removal is imminent. Moreover, the Scheduling Order (Dkt. No. 5) requires Respondent to provide at least 7 days' notice to Petitioner prior to any attempted transfer or removal. Accordingly, the Court DENIES AS MOOT Petitioner's motion for a TRO (Dkt. No. 2) and reaffirms Respondent SHALL provide notice as directed in the Court's scheduling order (Dkt. No. 5) prior to removing or transferring Petitioner from this District. To the extent Petitioner asks for a different briefing schedule, the motion for TRO is DENIED because the Court finds no basis to require a different return and traverse schedule than that already identified in the Scheduling Order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of October, 2026.

David G. Estudillo
United States District Judge