UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SALAS JIMENEZ,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-03733-DGE<br><br>ORDER TEMPORARILY PROHIBITING REMOVAL |

Currently before the Court is Petitioner's Petition for habeas corpus. (Dkt. No. 7.) Petitioner has been detained at the Northwest Immigration and Customs Enforcement Processing Center since February 24, 2026. (*Id.* at 1, 3.)

Petitioner, proceeding pro se, challenges the sufficiency of the custody determination he received in Immigration Court on September 22, 2026, stating the bond denial violated his due process rights. (Dkt. No. 7 at 8–10.) During this custody determination, an Immigration Judge found Petitioner to be a danger to the community and a flight risk. (Dkt. No. 7 at 4.)

Respondents filed a response on October 16, 2026. (Dkt. No. 10.) Petitioner's reply is still outstanding: it is currently due on October 30, 2026 per the Court's scheduling order. (Dkt. No. 5.)

In the interim, Respondents provided notice to the Court that on October 20, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of an Immigration Judge decision which denied Petitioner's applications for immigration relief. (Dkt. No. 13; *see also* Dkt. No. 14-1.) Respondents state as Petitioner now has an administrative final order of removal, Petitioner has entered the "removal period" under 8 U.S.C. § 1231(a)(1), which subjects him to mandatory detention under 8 U.S.C. § 1231(a)(2). (Dkt. No. 13 at 1–2.) Respondents served a "Notice of Imminent Removal" on petitioner on October 20, 2026. (Dkt. Nos. 13 at 2; 14-2.)

Petitioner has not yet responded to the Court regarding Respondents' assertion that his current detention authority has shifted to 8 U.S.C. § 1231(a). Petitioner also has not yet addressed whether he intends to appeal the BIA's order. *See* 8 U.S.C. § 1231(a)(1)(B) (the removal period begins on "the latest of," as relevant here, (1) the date the order of removal becomes administratively final, or (2) if the removal order "is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order").

Absent an appeal (and a stay of removal pending appeal, *see* 9th Cir. Gen. Order 6.4(c)), Petitioner is in the removal period and his detention is mandatory, which moots his pending petition. *See Fernandez v. Scott*, No. 2:26-CV-00043-LK, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026). However, because the BIA order was issued just yesterday, it does not appear Petitioner has received a copy of the order or even had any opportunity to decide whether he intends to appeal. In the interests of justice, and based on its equitable powers, the Court

ORDERS that Respondents are prohibited from removing Petitioner until November 19, 2026 at 12:00 p.m. to provide Petitioner sufficient time to consider filing of a potential appeal of the BIA order. This extension provides Petitioner the full 30 days to decide whether to appeal the BIA's decision. The Court will take no action on the present petition until after November 19 or the Petitioner confirms he has obtained a stay from the Ninth Circuit, whichever occurs first.

The Court ORDERS Petitioner's reply is now due November 19, 2026.

The Clerk is directed to calendar these events. The Clerk is also directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of October, 2026.

David G. Estudillo
United States District Judge