UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SALAS JIMENEZ,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-03733-DGE<br><br>ORDER GRANTING HABEAS PETITION (DKT. NO. 7) |

Before the Court is Petitioner's petition for writ of habeas corpus. (Dkt. No. 7.) For the following reasons, the Court GRANTS the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Petitioner, a citizen of Mexico, entered the United States around 2008 when he was eight-years-old. (*Id.* at 2, 4.) Petitioner graduated from high school in Yakima, Washington. (Dkt. No. 12-5 at 2.) Prior to his present detention, Petitioner lived in Idaho and Washington State

where he worked and paid taxes. (Dkt. No. 7 at 2, 4.) Petitioner has a United States citizen daughter, who turned two on November 1, 2026. (Dkt. Nos. 7 at 5; 12-2 at 4; 16 at 2, 47.)

Immigration and Custom Enforcement ("ICE") officers arrested Petitioner on February 24, 2026 when Petitioner was driving to work. (Dkt. Nos. 7 at 2, 4; 11 at 3, 12-2 at 3.) The officers claimed to have a warrant for his arrest, but Petitioner states the officers did not show Petitioner this warrant until he was already detained. (Dkt. No. 7 at 2.) Petitioner has been detained at the Northwest Immigrant Processing Center ("NWIPC") in Tacoma, Washington since. (*Id.* at 3–4.)

On February 24, 2026, Respondents served Petitioner with a Notice to Appear ("NTA"), charging Petitioner as subject to removal from the United States pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), alleging Petitioner is present in the United States without being admitted or paroled, or arrived in the United States at any time or place other than as designated by the Attorney General. (Dkt. No. 11 at 3.)

Petitioner states he has no history of criminal convictions. (Dkt. No. 7 at 2.) Respondents state Petitioner has pending charges for Assault 4th Degree Domestic Violence and Exposing Minor Child(ren) to Domestic Violence stemming from a June 15, 2025 arrest in Yakima, Washington. (Dkt. Nos. 11 at 2; 12-2 at 5.) Respondents also state Petitioner was arrested for violation of a No Contact Order and Exposing Minor Child(ren) to Domestic Violence on November 1, 2025, though "it is unclear if these charges are still pending, as suggested in some DHS records, or if Petitioner was found to have violated the no contact order, as Petitioner has claimed in Immigration Court." [1] (Dkt. No. 11 at 2–3) (*see also* Dkt. No. 12-2

[1] The transcript from the March 25, 2026 oral IJ decision states "[t]he Respondent said that he went to court for that, and the Court found that he had violated the -- at least a portion of at least

at 5). Further, Respondents state the Selah, Washington Police Department arrested Petitioner for violation of a Protection Order on February 15, 2026. (Dkt. Nos. 11 at 3; 12-2 at 5.)

On March 17, 2026, United States District Judge Tiffany M. Cartwright granted Petitioner's previous habeas petition that sought enforcement of his rights as a member of the Bond Denial Class certified in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). *See Tiul Caal v. Hernandez*, Case No. 2:26-CV-00850-TMC, Dkt. No. 14 (W.D. Wash. March 17, 2026) (requiring a bond hearing within 14 days of request under 8 U.S.C. § 1226(a) standards).

In Petitioner's immigration proceedings, an Immigration Judge ("IJ") ordered Petitioner removed on March 25, 2026, denying his applications for immigration relief. (Dkt. Nos. 7 at 3; 11 at 4; 12-4 at 8–10, 14.) Petitioner appealed that decision before the Board of Immigration Appeals ("BIA"). (Dkt. No. 7 at 3.) The BIA dismissed Petitioner's appeal on October 20, 2026. (Dkt. Nos. 13 at 1; 16 at 35.) Petitioner timely filed a Petition for Review before the Ninth Circuit. (Dkt. No. 16 at 5, 22–23.)

Petitioner had a bond hearing on September 23, 2026, pursuant to the order in his previous habeas petition. (Dkt. No. 7 at 3.) Petitioner, who proceeded pro se, presented "check stubs, letters of support, high school diploma, photos of [him] and [his] daughter who is a citizen of the United States,[and] tax records" as evidence to the immigration court. (*Id.* at 3–4) (*see also* Dkt. Nos. 11 at 5; 12-5). ICE presented Petitioner's Form I-213, the IJ order from his March 25, 2026 hearing, and the oral decision of the IJ from this hearing. (Dkt. No. 12-4.) IJ John Odell determined Petitioner to be a danger to the community and a flight risk, denying

---

one of the No-Contact Orders and that he was given classes, but the Respondent has not been able to take the classes yet." (Dkt. No. 12-4 at 12.)

Petitioner's request for release on bond. (Dkt. Nos. 7 at 4; 11 at 5; 12-3 at 2.) Petitioner stated he filed an appeal of that decision the same day.[2] (Dkt. No. 7 at 3.)

The only record of IJ Odell's decision is a copy of the IJ's order, which has a filled checkbox next to "Respondent has failed to show that he is not a Danger to Community of a Flight Risk." (Dkt. No. 12-3 at 2.) Petitioner stated the following based on his recollection of the hearing:

> The decision that was made during my Habeas bond hearing was not properly justified with factual evidence and with the evidence I presented to counter that it was not considered the judge took off his glasses and said he had short vision and if l was a flight risk a danger to fleeing the country I would have signed my voluntary departure when it was first offered to me instead I have appealed two decisions from two courts and continued to fight my case for over 7 month.

(Dkt. No. 7 at 4.) Petitioner also stated "[w]hen I mentioned the fact that I paid taxes the judge asked if I had provided that proof to the court and I said yes and that's when I knew they didn't look at the evidence adequately." (*Id.* at 3.)

**B. Procedural Background**

Petitioner, proceeding pro se, filed a motion for leave to proceed in forma pauperis ("IFP") on October 1, 2026 with this Court. (Dkt. No. 1.) That same day, Petitioner filed a Motion for Temporary Restraining Order. (Dkt. No. 2.) This Court granted Petitioner's IFP application on October 2, 2026, and the present habeas petition was filed by the Clerk on October 5, 2026. (Dkt. Nos. 6, 7.) This Court denied Petitioner's Motion for Temporary Restraining Order. (Dkt. No. 6.)

---

[2] Respondents state both Petitioner has not filed an appeal of the IJ's bond denial (Dkt. No. 10 at 2) and an ICE officer was "unable to verify whether an appeal has been filed" (Dkt. No. 11 at 5).

In the present petition, Petitioner argues he is not a danger to the community or flight risk and the IJ did not properly consider the evidence before him, abusing his discretion. (Dkt. No. 7 at 5, 8–10.) Respondents filed a return on October 16, 2026. (Dkt. No. 10.)

Then, on October 20, 2026, Respondents filed a notice informing the Court the BIA had denied Petitioner's appeal. (Dkt. No. 13.) Respondents stated Petitioner was now detained under 8 U.S.C. § 1231(a)(1) to effectuate removal. (*Id.* at 1.) This Court entered an order on October 20, 2026 preventing Respondents from removing Petitioner until November 19, 2026 to provide Petitioner sufficient time to consider filing an appeal of the BIA order. (Dkt. No. 14.)

Petitioner filed a traverse on October 30, 2026 which included notification to the Court he had filed a Petition for Review before the Ninth Circuit. (Dkt. No. 16.) Along with his Petition for Review, Petitioner filed an Emergency Motion for Stay of Removal pursuant to Ninth Circuit General Order 6.4. (*Id.* at 24–29.) In his traverse, Petitioner raised additional arguments, including (1) the September 22, 2026 bond hearing unconstitutionally placed the burden of proving Petitioner was not a danger or flight risk on Petitioner (*Id.* at 5–6, 8, 10–12, 15–17, 19); (2) Petitioner's detention has become unreasonably prolonged as he has been incarcerated for over eight months (*Id.* at 6, 8–11, 17–18); and (3) his continued detention violates procedural due process (*Id.* at 6–8, 13, 15–17, 19).

## II. ANALYSIS

This Court finds Petitioner is not detained under 8 U.S.C. § 1231(a)(1) as Respondents alleged in their October 20, 2026 notice to the Court (Dkt. No. 13), because with Petitioner's Petition for Review currently pending before the Ninth Circuit, his order of removal is no longer final. Respondents are currently prevented from taking further action until Petitioner's motion to stay before the Ninth Circuit is decided. *See* Order Entering Temporary Stay of Removal, *Salas*

*Jimenez v. Blanche*, Case No. 26-7332, Dkt. No. 5 (9th Cir. Nov. 2, 2026); 9th Cir. Gen. 6.4(c) (March 30, 2026). Petitioner is thus detained under 8 U.S.C. § 1226(a).

The petition presents a now familiar fact pattern in which a detained noncitizen is left to wonder the reasons why an IJ denied their bond request, and a familiar argument by Respondents that a detained individual should be required to exhaust administrative remedies to learn the reasons why their bond request was denied. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071 (W.D. Wash. 2026); *Vasquez v. Scott*, Case No. 2:26-cv-02515-DGE, 2026 WL 2285535 (W.D. Wash. Aug. 7, 2026); *Ascencio-Zetino v. Scott*, Case No. 2:26-cv-02856, 2026 WL 2686835 (W.D. Wash. Sept. 14, 2026); *Barragan Jimenez v. Hernandez*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 (W.D. Wash. Sep. 23, 2026). For the same reasons identified in *Soriano*, *Vasquez*, *Ascencio-Zetino*, and *Barragan Jimenez*, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement.

Similarly, the Court finds the bond hearing in this case was constitutionally deficient. Here, IJ Odell abused his discretion by failing to apply the *Guerra* factors to the evidence presented at the bond hearing and by failing to provide any explanation as to his findings. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (identifying the relevant factors an IJ is to consider in making bond determinations); *Barragan Jimenez*, 2026 WL 2859168, at *2 (collecting cases).

Petitioner alleges the IJ did not consider the evidence he offered and states "[w]hen I mentioned the fact that I paid taxes the judge asked if I had provided that proof to the court and I said yes and that's when I knew they didn't look at the evidence adequately" as Petitioner had submitted evidence of tax filings to the IJ. (Dkt. No. 7 at 3.) Respondents offer no evidence or argument challenging Petitioner's description of the bond hearing. Respondents simply state

Petitioner "received a reasoned, on-the-record decision denying bond" without providing any audio recording or transcript of this decision. (Dkt. No. 10 at 10.) Instead, the only record Respondents produce is a boilerplate bond denial order, stating Petitioner's request for custody redetermination was denied. (Dkt. No. 12-3.) The sole reason on this document is a box checked next to "Respondent has failed to show he is not a Danger to Community or a Flight Risk." (*Id.* at 2.)

Here, Petitioner identifies he has been in the United States since 2008 when he was eight, has a United States citizen child, graduated high school in the United States, had stable employment, has a history of filing his tax returns, and has no history of criminal convictions. (Dkt. No. 12-5 (evidence Petitioner submitted to immigration court for bond hearing)) (*see also* Dkt. No. 7 at 2, 4–5). Petitioner also identified to the IJ he had an appeal pending for the immigration court's decision to remove him. (Dkt. No. 7 at 4.) While Respondents allude to Petitioner's charges in 2025 and 2026, Respondents have provided no evidence these charges led to convictions.[3] Moreover, this Court, and Petitioner, has no record of how these allegations may have factored into the IJ's decision.

From the evidence put forward to this Court, IJ Odell failed to consider the evidence presented and did not apply the relevant factors to the evidence in considering Petitioner's bond request. *See Guerra*, 24 I. & N. Dec. at 40. As found in several other habeas cases brought before this Court, IJ Odell abused his discretion by failing to apply the *Guerra* factors to the

---

[3] Petitioner's alleged statement regarding a court found he violated "at least a portion" of a no-contact order, as recounted by the IJ, is insufficient for this Court to find he has any history of criminal convictions. Respondents could have provided a record from the state or municipal court if there was indeed a court finding of Petitioner's guilt.

evidence presented at the bond hearing. *See Barragan Jimenez*, 2026 WL 2859168 at *2 (collecting cases).

The Court therefore does not reach Petitioner's additional arguments raised in his traverse. (Dkt. No. 16.)

## III. ORDER

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 7), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order subject to reasonable conditions of supervised release.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Within **TWENTY-FOUR (24) HOURS** of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.
4. Petitioner's Motion for Appointment of Counsel (Dkt. No. 8) is DENIED as moot.

The Clerk is directed to calendar this event, close the matter, and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of November, 2026.

David G. Estudillo
United States District Judge